MARITIME MAINTENANCE CORPORATION, PROSECUTOR, v. UNEMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY, DEFENDANT.

Submitted February 2, 1948—Decided March 6, 1948.

For the prosecutor, *Kristeller & Zucker*.

For the defendant, *Charles A. Malloy (Herman D. Ringle, of counsel)*.

BURLING, J. Motion has been made by the prosecutor "for an order quashing a purported return filed herein in response to the writ of *certiorari* allowed herein on the ground that the said return has not been filed by you pursuant to the statute in such case made and provided and particularly *R. S.* 52:17A–4, but by some other person purporting to represent the State of New Jersey and the respondent, Unemployment Compensation Commission of New Jersey."

Notice of the intention to make the application was given to Walter D. Van Riper, Attorney-General of the State of New Jersey. The Attorney-General did not appear in person on the day of the application. Charles A. Malloy appeared as attorney for the Unemployment Compensation Commission and upon the brief, Herman D. Ringle in association with

him as counsel for the Commission. Statement was made that the notice which had been served upon the Attorney-General of the intended application was forwarded by him to Attorney Charles A. Malloy. His purpose in that regard is not disclosed, that is as to whether Charles A. Malloy was to appear as the deputy of the Attorney-General or because the Attorney-General felt no responsibility to appear for the Unemployment Compensation Commission in the proceeding.

An examination of the file in the office of the clerk of the Supreme Court discloses that a proper return to the writ was made by the Unemployment Compensation Commission of New Jersey by William S. Conklin, its secretary, and endorsed thereon was the following: Charles A. Malloy, Attorney for Unemployment Compensation Commission, 28 West State Street, Trenton, New Jersey.

The Practice Act of 1903 (*R. S.* 2:26–3.3) provides that no person excepting in his own case or in the case of an infant shall be permitted to appear to prosecute an action in any court unless he is a licensed attorney of the Supreme Court of this state. This applies to corporations and thus to the Commission. *Black and White Operating Co.* v. *Grosbart (Court of Errors and Appeals,* 1930), 107 *N. J. L.* 63 (at *p.* 68); *New Jersey Photo Engraving Co.* v. *Schonert & Sons (Court of Chancery,* 1923), 95 *N. J. Eq.* 12 (at *p.* 14).

The entry of an appearance for the defendant transports with it the presumption, rebuttable in character, that the appearance was entered with due authority. If the contrary be alleged, affirmative proof must be produced. *Zolezzi* v. *Tarantola (Court of Chancery,* 1946), 138 *N. J. Eq.* 579 (at *p.* 580).

The position of the prosecutor is that *R. S.* 52:17A–4 makes the Attorney-General the sole attorney of the Commission to "represent them in all suits, proceedings or actions of any kind which may be brought for or against them in any court of this state" and that any appointment by the Commission to that effect under the provisions of *R. S.* 43:21–11 is nugatory.

The motion was addressed to Walter D. Van Riper, Attorney-General of the State of New Jersey but was not also

addressed to the Commission or to Charles A. Malloy who noted his appearance by endorsement upon the return to the writ.

The factual question of the relationship between the Attorney-General and Attorney Charles A. Malloy has not been established by competent evidence. The prosecutor failed to submit competent affirmative proof of lack of due authority to enter an appearance and to overcome the presumption to that effect. *Zolezzi* v. *Tarantola, supra.* The legal question raised by the prosecutor is not ripe for decision.

No other reason is assigned to the inadequacy of the return. The motion will be denied.